UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60941-RAR

**ADAM MARSHALL DOBRIN**,

    Plaintiff,

v.

**TWITTER, INC.**, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING *PRO SE* COMPLAINT

**THIS CAUSE** comes before the Court upon an initial screening pursuant to 28 U.S.C. section 1915. Plaintiff filed his Complaint [ECF No. 1] on May 17, 2022. Upon initial screening, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Furthermore, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)). Similarly, pursuant to 28 U.S.C. section 1915(e)(2), courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Although *pro se* complaints generally are held to a less stringent pleading standard than pleadings drafted by lawyers, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), "liberal construction of *pro se* pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Smitherman v. Decatur Plastics Prods. Inc.*, 735 F. App'x 692, 692 (11th Cir. 2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)) (internal quotations omitted).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief.  Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's so-called Complaint fails to meet the foregoing standards.  Simply put, it is incomprehensible.  Its fifteen pages comprise roughly scanned documents that include some sort of criminal discovery motion and something called "the Ministry of Forbidden Knowledge."  Compl. at 5, 10.  It also includes blank pages from court forms as well as various references to Deflategate, Al Jazeera, the death of Hercules, treason, a conspiracy to terminate Plaintiff's life, electronic voting, "BOGOFLIPs and MEGAMIPs for Superman," and viral tweets saying "let there be light."  *See generally* Compl. Given the absence of factual allegations, the Court simply cannot discern the nature of Plaintiff's claims against Defendants.  Thus, Plaintiff's Complaint must be dismissed.

Moreover, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Here, Plaintiff's Complaint contains no jurisdictional allegations whatsoever. Consequently, the Court cannot assess whether a valid basis for jurisdiction exists.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint [ECF No. 1] is **DISMISSED**.[1] All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Ordinarily, this Court would grant a *pro se* litigant at least one opportunity to amend a complaint before dismissal. But here, the Court finds that amendment would be futile because the Complaint fails to state a plausible claim for relief, contains no coherent jurisdictional allegations whatsoever, and does not even approximate an actionable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint). Accordingly, the Court finds that amendment would be futile, and thus declines to grant leave to amend.